Filed 6/5/25  P. v. Martinez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRANDON GENE MARTINEZ,<br><br>    Defendant and Appellant. | H051286<br>(Santa Clara County<br>Super. Ct. No. 179119) |

A jury convicted defendant Brandon Gene Martinez of first degree murder in 1997.  He petitioned for resentencing under Penal Code section 1172.6.  The trial court denied the petition without an evidentiary hearing after it determined defendant was ineligible for relief under the statute as a matter of law.  Finding no prejudicial error, we will affirm the order denying the resentencing petition.

## I.    TRIAL COURT PROCEEDINGS

Defendant and a codefendant, Hayward Simon, Jr., were each charged with murder and tried together for a homicide that occurred in 1993.  We have taken judicial notice of the record from the direct appeal.  (*People v. Simon et al.* (case No. H017616).)  The jury instructions quoted here are from the reporter's transcript in that record.

Relevant to defendant's arguments in this appeal, the jury was instructed on aiding and abetting liability with CALJIC No. 3.01:  " 'A person aids and abets the commission of a crime when he: [⁋] 'One, with knowledge of the unlawful purpose of the perpetrator; and, [⁋] 'Two, with the specific intent or purpose of committing or encouraging or

facilitating the commission of the crime; and [[¶]] 'Three, by act or advice aids, promotes, encourages or instigates the commission of the crime.' "

The jury was instructed on murder with CALJIC No. 8.10 as follows: " 'In order to prove this crime, each of the following elements must be proved: [[¶]] 'One, a human being was killed; [[¶]] 'Two, the killing was unlawful; and [[¶]] 'Three, the killing was done with malice aforethought.' " Malice was defined using CALJIC No. 8.11: " 'Malice may be either express or implied. [[¶]] 'Malice is express when there is manifested an intention unlawfully to kill a human being. [[¶]] 'Malice is implied when: [[¶]] 'One, the killing resulted from an intentional act; [[¶]] 'Two, the natural consequences of the act are dangerous to human life; and, [[¶]] 'Three, the act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life."

The jury was instructed on a single theory of first degree murder: premeditation. As relevant here, the jury was instructed with CALJIC No. 8.20: "All murder which is perpetrated by any kind of willful, deliberate and premeditated killing with express malice aforethought is murder of the first degree." "If you find that the killing was preceded and accompanied by a clear, deliberate intent on the part of the defendant to kill, which was the result of deliberation and premeditation, so that it must have been formed upon pre-existing reflection and not under a sudden heat of passion or other condition precluding the idea of deliberation, it is murder of the first degree." "To constitute a deliberate and premeditated killing, the slayer must weigh and consider the question of killing and the reasons for and against such a choice and, having in mind the consequences, he decides to and does kill." The jury was not instructed on the natural and probable consequences doctrine or felony murder.

The jury found both defendant and his codefendant guilty of first degree murder. The judgments were affirmed in a single unpublished opinion in 1999. (*People v. Simon et al.* (Nov. 18, 1999, H017616) [nonpub. opn.].)

2

Defendant petitioned pro se for resentencing under Penal Code section 1172.6 in 2023, and the court appointed counsel to represent him. The district attorney's office opposed the petition, arguing that the record of conviction precluded relief as a matter of law. Filed along with the opposition was a request for judicial notice of: the jury instructions given in defendant's trial; this court's opinion affirming the judgment in case No. H017616; the information; and the completed verdict form from defendant's trial. Defense counsel filed a reply, arguing that defendant had made the necessary prima facie showing and that the trial court "may not rely on any prior appellate opinions in this case to find petitioner to be ineligible based on the facts of the underlying case."

The trial court denied defendant's petition by written order without issuing an order to show cause. The court determined that the "record of conviction shows that [defendant] is ineligible for resentencing as a matter of law." The court also quoted from the 1999 direct appeal opinion, in which the appellate court found sufficient evidence supported defendant's conviction: " 'there [was] no evidence that [defendant] intended to aid and abet [his codefendant] in the commission of a different specifically contemplated target offense.' "

## II.   DISCUSSION

A person convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime" may petition under Penal Code section 1172.6 to have those convictions vacated when certain conditions are satisfied. (Pen. Code, § 1172.6, subd. (a).) An order to show cause must issue if a petitioner makes a prima facie case for relief. (§ 1172.6, subd. (c).) The "parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case." (*People v. Lewis* (2021) 11 Cal.5th 952, 972.) The court must take the petitioner's factual allegations as true and make a preliminary assessment about whether the petitioner would be entitled to relief if his or her factual allegations were

3

proved. (*Id*. at p. 971.) But if the record contains information refuting the allegations in the petition, the court must deny the petition. (*Ibid.*) Our review is de novo. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

The only theory of first degree murder the jury here was instructed about was premeditation, requiring "a clear, deliberate intent on the part of the defendant to kill." As to aiding and abetting liability, the jury was instructed that a " 'person aids and abets the commission of a crime when he: [¶] … with knowledge of the unlawful purpose of the perpetrator; and, [¶] … with the specific intent or purpose of committing or encouraging or facilitating the commission of the crime; and, [¶] … by act or advice aids, promotes, encourages or instigates the commission of the crime.' " By finding both defendant and his codefendant guilty of first degree murder based on those instructions, the jury necessarily concluded that defendant harbored express malice—at a minimum in aiding and abetting his codefendant's commission of first degree murder.

That defendant and his codefendant were convicted of first degree murder in a case where the only substantive offense about which the jury was instructed was murder distinguishes this case from *People v. Langi* (2022) 73 Cal.App.5th 972 (*Langi*). Langi was convicted of second degree murder for participating in a fistfight where someone in his group punched the victim who fell and hit his head, resulting in death. (*Id.* at p. 975.) Langi's jury was not instructed on the natural and probable consequences doctrine, but Langi argued that the pattern aiding and abetting and second degree murder instructions "permitted the jury to find him guilty on a theory under which malice was imputed to him based solely on his participation in the crime." (*Id.* at p. 980.) The *Langi* court reasoned that the "instructions permitted the jury to find [Langi] guilty of murder if it found that (1) the killing resulted from the actual killer's intentional act; (2) appellant aided and abetted that intentional act; and (3) the killer 'deliberately performed [the act] with knowledge of the danger to, and with conscious disregard for, human life'—whether or not *appellant* knew of or consciously disregarded the danger to human life." (*Id.* at

4

p. 981.) The court concluded that "under the instructions that were given, the jury was entitled to conclude that, to be guilty as an aider and abettor of second degree murder, appellant need only have intended to encourage the perpetrator's intentional act—[there], punching [the victim]—whether or not [Langi] intended to aid or encourage [the victim's] killing, and whether or not he personally knew of and disregarded the risk of such a killing." (*Id.* at p. 983.) As a result, the *Langi* court concluded section 1172.6 relief was not precluded as a matter of law, and an order to show cause must issue.

Unlike in *Langi*, defendant and his codefendant were convicted of *first* degree murder. That means the jury necessarily concluded the direct perpetrator acted with express malice. It further means that the jury necessarily concluded the aider and abettor knew about the direct perpetrator's express malice, that the aider and abettor had the specific intent of committing, encouraging, or facilitating the premeditated murder, and that the aider and abettor acted to aid, promote, encourage, or instigate the murder.

Defendant notes that the prosecutor at defendant's trial requested a jury instruction on the natural and probable consequences doctrine. That request was made after closing arguments, based on defense counsel's argument to the jury that there was no evidence defendant knew his codefendant was going to commit murder. Defendant also contends the prosecutor's closing argument at trial "supported the theory that [the codefendant] alone needed to act with express malice for appellant to be convicted of first degree murder as well." The trial court denied the prosecutor's requested instruction. The jury was not instructed on the natural and probable consequences doctrine, and the record of conviction therefore does not support a prima facie showing of eligibility for resentencing.

Defendant argues his trial counsel provided ineffective assistance by not objecting to the trial court's reliance on facts from this court's 1999 opinion in the direct appeal. But trial counsel did preserve that issue by arguing in papers on the current petition reply that the trial court "may not rely on any prior appellate opinions in this case to find

5

petitioner to be ineligible based on the facts of the underlying case." Contrary to defendant's argument, the trial court properly looked to the record of conviction to determine that the "only lawful path to convict [defendant] of first-degree murder under the given instructions required a finding that [defendant] intended to aid and abet a premeditated murder." Because we agree with the trial court that the record of conviction precludes relief as a matter of law, any arguable reliance by the trial court on facts from the earlier appellate opinion was harmless. (*People v. Hurtado* (2023) 89 Cal.App.5th 887, 893 [error in not appointing counsel was harmless where Pen. Code, § 1172.6 relief was precluded as a matter of law by the record of conviction]; *People v. Lewis* (2021) 11 Cal.5th 952, 974 [when Pen. Code, § 1172.6 petition is denied without an order to show cause, the petitioner has the burden to show error and a reasonable probability of a more favorable result].)

Defendant's argument about his youth at the time of the offense is not relevant to the prima facie analysis. While youth may be considered at an evidentiary hearing on a resentencing petition (see *People v. Pittman* (2023) 96 Cal.App.5th 400, 416), a hearing is not called for here because the record of conviction precludes relief.

### III.  DISPOSITION

The order denying resentencing is affirmed.

6

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

H051286
*The People v. Martinez*